UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                          *Plaintiff*,<br><br>    v.<br><br>SABINE AISHA JULES,<br><br>                          *Defendant.* | CASE NO. 3:23-cv-00016<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

      Plaintiff Ronald Satish Emrit commenced this action against Defendant Sabine Jules by filing a *pro se* complaint as well as an application to proceed *in forma pauperis*. Dkts. 1, 2. For the following reasons, the Court will grant the application to proceed *in forma pauperis* but dismiss the complaint.

      Courts have an independent duty to ensure that jurisdiction is proper. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court "must dismiss" and action "[i]f the court determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Federal courts are courts of limited jurisdiction. They only possess that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consequently, "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Instead, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id.*; *see also Kokkonen*, 511 U.S. at 377 (explaining that the burden of establishing jurisdiction rests on the party asserting jurisdiction). Subject matter

jurisdiction is present where the well pleaded allegations in the complaint raise a federal question under 28 U.S.C. § 1331 or the parties meet the diversity and amount in controversy requirements under 28 U.S.C. § 1332.

In his complaint, Plaintiff asserts that the Court has subject matter jurisdiction on the basis of "complete diversity" of the parties. Dkt. 2 ¶ 20. Diversity jurisdiction requires "complete diversity," meaning no plaintiff can "be a citizen of the same state as any defendant." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (citing 28 U.S.C. § 1332). But here, Plaintiff alleges that both he and Defendant reside in Florida—the only two parties—defeating rather than conferring diversity jurisdiction. Dkt. 2 ¶¶ 16–17, 30. In addition, Plaintiff concedes the amount in controversy requirement is not satisfied, further defeating diversity jurisdiction. *See id.* ¶ 24 (conceding "the amount in controversy does not exceed $75,000 (i.e., $0 is less than $75.000 [sic]"); 28 U.S.C. § 1332(a) (explaining federal district courts shall have jurisdiction on the basis of diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000").

To the extent Plaintiff seeks to invoke federal question jurisdiction as the basis for the Court's subject matter jurisdiction, that fails as well. Dkt. 2 ¶ 21, 24; *see also* Dkt. 2-2 (civil cover sheet, citing federal question as basis for jurisdiction). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). On the face of the complaint, Plaintiff raises no such federal question. Plaintiff purports to raise five state-law causes of action in his complaint: "tortious interference with family relations," "tortious interference with business relations," "nuisance," "invasion of privacy through

intrusion upon seclusion," and "intentional infliction of emotional distress." Dkt. 2 at 6–9. Plaintiff appears to assert that citing the following without elaboration raises a federal question: "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourteenth Amendment, and Privileges and Immunities Clause." *Id.* ¶¶ 21–22. The Complaint does not describe how these relate to his case, except perhaps an offhand reference to some other lawsuit Plaintiff has filed. *Id.* ¶ 7. None of this is sufficient to raise a federal question. Moreover, though Plaintiffs' claims are mostly inscrutable, to the extent they can be discerned, the relief Plaintiff seeks from the Court is an annulment of his marriage to the Defendant (his former spouse). *Id.* at 1, 10–11. That is not a matter in the competence of the federal court.

      The Court notes that another federal district court has recently found that Plaintiff "has filed no fewer than *200* civil actions in federal district courts since 2013, and the Middle District of Florida has issued a 'Vexatious Litigant Order' in a case he filed there, barring Emrit from filing any new document in that district without first obtaining" prior written approval, and that "many of [Plaintiff's] other actions have been dismissed as frivolous, malicious, or for failure to state a claim." *Emrit v. Epic Med. Records*, No. 18-cv-937, 2021 WL 5881976, at *1 (W.D. Wis. Dec. 13, 2021) (citations omitted). This Court recently dismissed several other meritless actions by Plaintiff for failure to state a claim and failure to prosecute. *Ermit v. PNC Bank*, No. 3:21-cv-29 (W.D. Va. Feb. 16, 2022); *Emrit v. Board of Immigration Appeals*, No. 3:22-cv-8 (W.D. Va. Apr. 8, 2022); *Emrit v. Central Intelligence Agency*, No. 3:22-cv-9 (W.D. Va. Mar. 7, 2022). In this case, even affording the complaint a liberal construction as required for *pro se* litigants, Plaintiff's allegations fail to establish this Court has subject matter jurisdiction of this action.

For these reasons, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*, Dkt. 1, but **dismiss** Plaintiff's complaint for failure to state a claim.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to Plaintiff.

Entered this  12th  day of April, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE